UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------- X
DAVID'S BRIDAL, INC.,                                         :
                                                              :  Civil Action No.  06 CV 05660 (SRC)
                                    Plaintiff,                :
                                                              :
       v.                                                     :
                                                              :  **AMENDED COMPLAINT**
THE HOUSE OF BRIDES, INC.,                                    :
                                                              :
                                    Defendant.                :
------------------------------------------------------- -------X

Plaintiff, David's Bridal, Inc., by and through its attorneys, Reppert Kelly, LLC, for its Amended Complaint ("Complaint") against the defendant, The House of Brides, Inc., alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, trademark dilution, unfair competition and copyright infringement engaged in by defendant in violation of the laws of the United States and the State of New Jersey.  Plaintiff seeks injunctive relief, damages and related relief.

## THE PARTIES

2.     David's Bridal, Inc. (hereinafter "plaintiff" or "David's") is a Florida corporation having its corporate headquarters at 1001 Washington Street, Conshohocken, Pennsylvania.

3.     David's is a designer, manufacturer and retailer of wedding gowns and accessories.  David's displays and sells its wedding gowns at its more than 280 retail stores throughout the United States, including seven stores in New Jersey, as well as through its website, www.davidsbridal.com.

4. Upon information and belief, defendant The House of Brides, Inc. (hereinafter "House of Brides" or "defendant") is an Illinois corporation with its principal place of business at 1184 Roosevelt Road, Glen Ellyn, Illinois. Defendant also owns and operates retail stores in the State of Illinois.

5. House of Brides owns, maintains and controls an inter-active commercial website for the retail sale of, *inter alia*, bridal gowns and accessories under the domain name, www.houseofbrides.com.

6. The House of Brides website advertises that it has grown to become the "#1 bridal E-commerce website worldwide" and that it ships merchandise orders "worldwide."

7. The website also features testimonials from customers throughout the United States and the world, including at least two such customers from New Jersey, who allegedly purchased merchandise online from House of Brides.

8. Upon information and belief, defendant is engaged in interstate commerce and transacts business in this district.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated on the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. ("Lanham Act"), the United States Copyright Act of 1976, as amended, 17 U.S.C. 101 *et. seq.* ("Copyright Act"), New Jersey's unfair competition statute, N.J.S.A. 56:4-1, New Jersey's anti-dilution statute, 56:3-13.20 *et seq*., and New Jersey common law. Jurisdiction is also conferred pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy is in excess of $75,000.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

11. Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

12. Upon information and belief, House of Brides transacts business within this district; derives substantial revenue from intrastate and interstate commerce; has committed tortious acts within this district and outside of this district having injurious consequences within this district; and is otherwise within the jurisdiction of this Court.

### THE FAMOUS "DAVID'S BRIDAL" TRADEMARK

13. Plaintiff has operated retail stores under the name "David's Bridal" since the opening of its first bridal salon in 1950. Since that time, David's has grown to more than 280 retail stores throughout the United States.

14. David's trademark and logo are registered with the United States Patent and Trademark Office under registration numbers 2426973, 2817374 and 3017372. David's trademark has been federally registered for more than five years and is now incontestable pursuant to 15 U.S.C. § 1065.

15. The David's Bridal trademark and logo appears in large channel letters on the outside of each its stores, in its store windows, on signs within its stores, on store stationary, on labels and hang-tags on its products, and on its brochures and catalogues, etc. In addition, David's owns and maintains the internet domain name and web site "DavidsBridal.com," through which it offers its products for retail sale.

16. Due to David's exclusive and long-term continuous use and promotion of the "David's Bridal" trade name and trademark, and the considerable effort and expenditure made toward developing its reputation and good will, the "David's Bridal" name has become inherently distinctive and/or has acquired distinctiveness and/or secondary meaning with the

3

consuming public, having achieved widespread recognition and enormous value as a famous trademark for wedding attire and related products in New Jersey and throughout the United States.

## **DAVID'S BRIDAL COPYRIGHTED WEDDING GOWN DESIGNS**

17. David's wedding gowns are featured on its website, in major bridal magazines and in print catalogues, and are sold in its retail stores throughout the United States.

18. Many of David's gowns contain original and unique designs, embellishments and/or dimensional artwork.

19. David's has filed and received a Certificate of Registration from the United States Copyright Office for each of the original and unique designs, embellishments and artwork contained on its wedding gowns.

20. Since the date of its original publication, David's has produced, distributed, offered for sale and sold its copyrighted dress designs in conformity with the Copyright Act and all laws governing fair trade in the United States.

## **DEFENDANT'S INFRINGEMENT OF DAVID'S TRADEMARK AND UNFAIR COMPETITION**

21. Defendant House of Brides, on its website www.houseofbrides.com and through its retail stores, offers for a sale a collection of dresses which it identifies and calls the "Compare to David's Bridal" collection.

22. On the homepage of its website, defendant uses David's tradename, trademark and logo to identify the "Compare to David's Bridal" collection. This use has never been authorized by David's.

23. There are currently listed on defendant's website twenty-one wedding gowns in the "Compare to David's Bridal" collection, all of which identify the designer as "Compare to David's Bridal." All of these products are unauthorized copies of David's own wedding gowns.

24. The website also states that House of Brides is an "authorized retailer[] of all the designers featured on our website" and of "all the major bridal manufacturers." The site further states that House of Brides offers "our customers the same designer collections they find at more expensive boutique bridal shops for an immensely lower cost."

25. House of Brides is not, and never has been, an authorized retailer or distributor of any of David's products.

26. Defendant's use of the name "Compare to David's Bridal" and its false and misleading statements regarding the source and sponsorship of its products demonstrates its intent to deliberately misappropriate and copy the David's Bridal tradename, trademark and products and otherwise unfairly compete with David's in the bridal marketplace.

27. Defendant is using David's Bridal tradename and trademark in its stores and on its website with the specific purpose and intent of misappropriating, copying and misrepresenting the David's Bridal brand name and business in order to siphon off and steal sales from David's.

28. Defendant's unauthorized use of the David's Bridal trademark, tradename and logo has caused and/or is likely to cause customer confusion.

29. Defendant's unauthorized use of the David's Bridal trademark, tradename and logo has deprived and will continue to deprive David's of customers, sales, profits and goodwill and has injured David's relations with present and prospective customers.

30. Defendant's unauthorized use of the David's Bridal trademark, tradename and logo has irreparably injured and harmed the goodwill that David's has invested significant time and expense to establish.

31. Defendant's unauthorized use of the David's Bridal trademark, tradename and logo has diluted, or is likely to dilute, David's trademark.

32. The foregoing acts of defendant are willful and intentional, in that defendant either knew that David's owned the intellectual property rights to the David's Bridal mark, or willfully ignored such fact, and has done so in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products and to gain for defendant the benefit of the enormous goodwill associated with the David's Bridal trademark and tradename.

33. On or about September 13, 2006, counsel for David's wrote to defendant to demand that defendant cease and desist from engaging in the foregoing activities which infringe David's trademark, tradename and logo.  To date, defendant has refused to comply with such demand and its unlawful conduct continues.

## **DEFENDANT'S INFRINGEMENT OF DAVID'S COPYRIGHTS**

34. On its website, defendant offers (or has offered) for sale at least 22 wedding dresses which are exact copies of David's dresses and copyrighted dress designs (referred to hereafter as "copyrighted dresses" or "designs").  All are listed and included in defendant's "Compare to David's Bridal Collection."

35. Upon information and belief, these same dresses are also available for purchase at House of Bride's four retail stores.

36. A visual comparison of the dresses finds them to be virtually identical.

37. Upon information and belief, defendant has sold and continues to sell infringing copies of David's copyrighted dresses on its website and in its retail stores.

38. Information posted on www.houseofbrides.com demonstrates defendant's intention to present its dress as an identical but less expensive versions David's copyrighted dresses. For example, on the web page at www.houseofbrides.com that features defendant's style number D4021, defendant states:

> Compare style D4021 to David's Bridal style CQ102!
> House of Brides presents the Compare to David's Bridal collection. This exclusive collection offers beautiful wedding dresses comparable to David's Bridal top selling styles, all at amazing savings! Compare to David's Bridal wedding dresses are 30% to 40% off David's Bridal suggested retail price! Save hundreds on the wedding dress of a lifetime!
> Dreamt of a designer wedding dress but without the high price? Then choose the Compare to David's Bridal collection for gorgeous gowns comparable to David's Bridal top wedding dresses. Each wedding dress is more spectacular than the next! From stunning strapless necklines to contemporary dropped waists, the Compare to David's Bridal collection has the gown to perfectly fit your bridal look! Plus, every gown is an incredible 30% to 40% off David's Bridal suggested retail price for their similar style. If you're searching for a magnificent wedding dress at an unbeatable price, choose the Compare to David's Bridal collection for wedding dresses comparable to select David's Bridal styles. Save 30% to 40% off the David's Bridal suggested retail price for their style. The Compare to David's Bridal collection, exclusively at House of Brides!

39. The same or similar statement is made on the webpages defendant's other "Compare to David's Bridal" style numbers.

40. Upon information and belief, defendant had access to the David's copyrighted designs through the various ways David's has advertised them, as described above, and offered them for sale to the general public at David's retail stores throughout the United States.

41. Upon information and belief, by and through its access to the copyrighted designs, defendant has unlawfully copied those designs.

7

42. As a result of defendant's infringing and willful conduct, defendant has deprived David's of customers, sales, profit and goodwill and has injured David's relations with present and prospective customers. David's will continue to sustain damage as a result of defendant's wrongful conduct.

43. Upon information and belief, unless enjoined by this Court, defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from David's copyrighted designs and any works derived therefrom. As a direct and proximate result of defendant's acts alleged above, David's has already suffered irreparable damage and has sustained lost profits.

44. David's has no adequate remedy at law to redress the injuries that defendant has caused and intends to cause by its conduct. David's will continue to suffer irreparable damage and sustain lost profits until defendant's actions as alleged above are enjoined by this Court.

45. Defendant has knowingly and willfully infringed and will continue to infringe David's copyright in and relating to the Designs by producing, distributing and placing into the market products that are direct copies of David's copyrighted designs.

46. Pursuant to 17 U.S.C. 101 *et. seq.,* David's is entitled to an injunction restraining defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts in violation of U.S. Copyright Law.

47. David's is further entitled to monetary damages, punitive damages, reasonable attorneys' fees, and costs pursuant to 17 U.S.C. 101 *et. seq..*

48. David's is further entitled to any gains, profits and advantages obtained by defendant as a result of defendant's act of infringement alleged herein.

49. On or about September 13, 2006, counsel for David's wrote to defendant to demand that defendant cease and desist from engaging in the foregoing activities which infringe David's copyrights.  To date, defendant has refused to comply with such demand and its unlawful conduct continues.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT)

50. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

51. Defendant, without the consent of David's, has caused to be manufactured, distributed, offered for sale, and/or sold in interstate commerce wedding gowns under unauthorized reproductions of David's federally registered trademarks.  Defendant's gowns are directed and targeted at the same group of consumers as those sold by David's.

52. Defendant's actions are likely to cause, and have caused, confusion and mistake among consumers that (a) such wedding gowns originate with David's, (b) there is some affiliation, connection or association between defendant and David's, and/or (c) such wedding gowns are being offered to consumers with the sponsorship and/or approval of David's.

53. Defendant's actions were willful and intentional and were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods, and to gain for defendant the benefit of the enormous goodwill associated with David's trademarks and tradename.

54. The foregoing acts of Defendant constitute a violation of 15 U.S.C. § 1114.

55. Such acts have caused and will continue to cause irreparable injury to David's, for which David's has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (FEDERAL UNFAIR COMPETITON)

56. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

57. Defendant has made use of David's tradename and trademarks, and/or words, terms, names, symbols or devices, or any combination thereof, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion and mistake among consumers that (a) defendant's wedding gowns originated with David's; (b) there is some affiliation, connection or association between defendant and/or defendant's wedding gowns and David's; and/or (c) defendant's wedding gowns are being offered to consumers with the sponsorship and/or approval of David's, in violation of 15 U.S.C. § 1125(a).

58. Defendant's conduct has caused David's substantial and irreparable injury, for which David's has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FEDERAL TRADEMARK DILUTION)

59. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

60. The foregoing acts of Defendant have caused, or are likely to cause, dilution of David's famous trademark in violation of 15 U.S.C. § 1125(c).

61. Such acts have caused and will continue to cause substantial and irreparable injury to David's, for which David's has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT AND <u>UNFAIR COMPETITION UNDER NEW JERSEY LAW</u>)

62. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

63. The foregoing acts of defendant constitute trademark infringement and unfair competition in violation of N.J.S.A. 56:4-1 and the common law of the State of New Jersey.

64. Such acts have caused and will continue to cause substantial and irreparable injury to David's, for which David's has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (<u>TRADEMARK DILUTION UNDER NEW JERSEY LAW</u>)

65. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

66. The foregoing acts of defendant constitute a violation of New Jersey Statute 56:3-13.20 *et seq*.

67. Such acts have caused and will continue to cause irreparable injury to David's, for which David's has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (<u>COPYRIGHT INFRINGEMENT</u>)

68. David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

69. The foregoing acts of defendant constitute a violation of the Federal Copyright Act, as amended, 17 U.S.C. 101 *et. seq.*.

70. Such acts have caused and will continue to cause irreparable injury to David's, for which David's has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## (FALSE ADVERTISING)

71.     David's repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

72.     Defendant has made use of false advertising or promotion, and/or false or misleading representations of fact which will cause confusion and mistake among the consuming public that (a) defendant's wedding gowns emanate from, or are otherwise associated with, David's; and/or (b) defendant is the source of David's trademarked goods in violation of 15 U.S.C. § 1125(a)(1)(b).

73.     Such acts have caused and will continue to cause irreparable injury to David's, for which David's has no adequate remedy at law.

**WHEREFORE**, David's demands judgment against defendant and seeks the following relief:

1.      Finding that defendant has infringed David's trademarks;

2.      Finding that defendant has infringed David's copyrighted designs;

3.      Finding a substantial likelihood that defendant will continue to infringe David's trademark and copyrights unless enjoined from doing so;

4.      Preliminarily and permanently enjoining and restraining defendant, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a)     selling, offering for sale, advertising, promoting or displaying any product or service in connection with the sale of bridal wear under the name "David's Bridal" or "Compare to David's Bridal," or any variation thereof;

(b) engaging in any other activity constituting unfair competition with David's or constituting an infringement of the David's Bridal trademark, tradename or logo, and/or David's rights in, or its rights to use or exploit the David's Bridal trademark, or constituting dilution of the David's Bridal trademark and the reputation and goodwill associated therewith.

(c) making any statement or representation whatsoever, with respect to the infringing goods and services in issue, that is false or misleading with respect to David's;

(d) engaging in any other activity, including but not limited to, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(c) hereof.

5. Directing that defendant deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, wrappers, receptacles, promotional material and advertisements in its possession, custody or control bearing the names "Compare to David's Bridal" and/or "David's Bridal."

6. Directing defendant to remove and/or cancel any and all traditional or web-based advertisements, promotional material or subscription services that advertise or promote its products or services under the name "Compare to David's Bridal;"

7. Directing defendant to remove all copies of the David's Bridal logo from its website and retail stores;

8. Requiring defendant to account and pay over to David's all profits realized by their infringement of the David's Bridal trademark, tradename and logo, and directing that those profits be trebled, since defendant's actions were willful;

9. Awarding David's its actual damages resulting from this trademark infringement and directing that such damages be trebled, since defendant's actions were willful;

10. Awarding David's punitive damages, since defendant acted knowingly and willfully in infringing David's trademark, tradename and logo;

11. Enjoining defendant, its officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, from infringing David's copyrighted designs, including but not limited to reproducing, manufacturing, marketing, offering, selling, licensing, transferring, displaying, vending, distributing, promoting, or advertising any works derived or copied from the copyrighted designs or to participate or assist in any such activity;

12. Directing defendant, its officers, agents, servants, employees, and all other persons in active concert or privity or in participation with it, to return to David's any and all originals, copies, facsimiles or duplicates of the copyrighted designs in their possession, custody or control;

13. Directing defendant, its officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, to recall from all wholesalers, jobbers, dealers, retailers and distributors, and all others known to defendant, any originals, copies, facsimiles or duplicates of any works shown by the evidence to infringe any copyright in the copyrighted designs;

14. Directing defendant to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the copyrighted designs;

15. Directing defendant to file with the Court and serve upon David's, within thirty days after service of the Court's order, a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with the Court's order;

16. Entering judgment for David's and against defendant for actual damages according to proof, and for any profits to defendant attributable to infringement of David's copyrights, in accordance with proof;

17. Entering judgment for David's and against defendant for statutory damages based upon defendant's acts of infringement, pursuant to the Copyright Act;

18. Requiring defendant to account for all gains, profits, and advantages derived from its acts of infringement;

19. Directing that all gains, profits and advantages derived by defendant from its acts of infringement be deemed to be held in constructive trust for the benefit of David's;

20. Entering judgment be entered for David's and against defendant for David's costs and attorneys' fees; and

21. Granting such other, further and different relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues herein so triable.

Dated:  Basking Ridge, New Jersey
June 19, 2007

                                        Respectfully submitted,

                                        **REPPERT KELLY, LLC**

                                        By:s/ Christopher P. Kelly
                                          Christopher P. Kelly (CK-0195)
                                          J. Vincent Reppert (JR-1984)
                                        403 King George Road, Suite 201
                                        Basking Ridge, New Jersey 07920
                                        (908) 647-9300
                                        (908) 647-9301 (fax)
                                        CKelly@ReppertKelly.com

                                        Attorneys for Plaintiff
                                        David's Bridal, Inc.