UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID'S BRIDAL, INC. and DBD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE HOUSE OF BRIDES, INC. and HOUSE OF BRIDES WORLD'S LARGEST "ON-LINE" WEDDING STORE, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) DOCUMENT ELECTRONICALLY FILED |
| THE HOUSE OF BRIDES, INC. and HOUSE OF BRIDES WORLD'S LARGEST "ON-LINE" WEDDING STORE, INC., <br><br> Third Party Plaintiffs, <br><br> v. <br><br> EMME BRIDAL, INC. D/B/A DAVINCI BRIDAL and IMPRESSION BRIDAL INC. <br><br> Third Party Defendants. | ) ) ) ) Civil No. 06 CV 05660 ) ) ) ) ) ) ) ) ) ) |

## THIRD PARTY COMPLAINT

Defendants/Third Party Plaintiffs, The House of Brides, Inc. ("HOB") and House of Brides World's Largest "On-Line" Wedding Store, Inc. ("HOL") hereby submit their Third Party Complaint against Emme Bridal, Inc. d/b/a DaVinci Bridal ("Emme") and Impression Bridal Inc. ("Impression"):

### JURISDICTION AND PARTIES

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1367 and Fed.R.Civ.P. 14.

2. HOB is an Illinois corporation with its principal place of business at 1184 Roosevelt Road, Glen Ellyn, Illinois.

3. HOL is an Illinois corporation with its principal place of business at 300 E. Roosevelt Road, Suite 300, Wheaton, IL.

4. Upon information and belief, Third Party Defendant Emme Bridal, Inc. d/b/a DaVinci Bridal ("Emme") is a Texas corporation with its principal place of business located at 11102 W. Airport blvd., Stafford, TX 77477-3014. Emme is a seller that is a merchant regularly dealing in wedding gowns and related goods.

5. Upon information and belief, Impression Bridal Inc. ("Impression") is a Texas corporation with its principal place of business located at 4850 Wright Rd. Suite 180, Stafford, TX 77477-4121. Impression is a seller that is a merchant regularly dealing in wedding gowns and related goods.

## BACKGROUND FACTS

6. Plaintiffs, David's Bridal, Inc. and DBD, Inc. ("Plaintiffs") brought this underlying action asserting claims for copyright infringement and trademark infringement and related claims with respect to HOB's and HOL's offering for sale a line of dresses referred to as the "Compare to David's Bridal" line of dresses. HOB and HOL have denied all liability relating to Plaintiffs' Second Amended Complaint. However, if HOB and HOL are found liable to Plaintiffs, and pleading in the alternative, Emme and Impression should be liable to HOB and HOL.

7. HOB and HOL are retailers of wedding gowns. One line of dresses that HOB and HOL offered for sale was referred to as the "Compare to David's Bridal" line of dresses.

8. HOB and HOL have purchased wedding gowns that are part of the "Compare to David's Bridal" line from Emme and Impression.

9. Upon information and belief, Emme, or an entity affiliated with Emme, is one of the manufacturers, suppliers, and/or distributors of the dresses comprising the "Compare to David's Bridal" line of dresses.

10. Upon information and belief, Impression, or an entity affiliated with Impression, is one of the manufacturers, suppliers, and/or distributors of the dresses comprising the "Compare to David's Bridal" line of dresses.

11. Emme and Impression encouraged HOB and HOL to use the name "Compare to David's Bridal" with respect to the sale of the dresses manufactured, supplied, or distributed by Emme and/or Impression.

12. Emme and/or Impression supplied to HOB and HOL photographs of the dresses that comprised the "Compare to David's Bridal" line of dresses as well as marketing material regarding the line. Representatives of Emme and Impression encouraged HOB and HOL to publish the photographs on the website, www.houseofbrides.com.

13. Emme and Impression encouraged HOB and HOL to purchase the dresses at issue and to market them as the "Compare to David's Bridal" line of dresses.

14. After the "Compare to David's Bridal" line of dresses was offered for sale on the website www.houseofbrides.com, Plaintiffs filed the underlying lawsuit against HOB and HOL.

15. HOB and HOL would not have been sued by Plaintiffs but for the actions of Emme and Impression.

## COUNT I
## BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT

16. HOB and HOL incorporate paragraphs 1-15 as though fully set forth herein.

17.   810 ILCS 5/2-312 states:

(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that
      (a) the title conveyed shall be good, and its transfer rightful; and
      (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which hthe buyer at the time of contracting has no knowledge.

(2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such fright or title as he or a third person may have.

(3) Unless otherwise agreed a seller who is a merchant regularly dealing goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

18.   If Plaintiffs' allegations are valid, the title in the goods sold by Emme and Impression to HOB and HOL was not good because the goods were purportedly infringing.

19.   If Plaintiffs' claims are valid, Emme and Impression violated the implied warranty of title and against infringement because they offered for sale and sold purportedly infringing goods to HOB and HOL.

20.   HOB and HOL would not have been sued by Plaintiffs for copyright infringement, trademark infringement, and related claims but for Emme and Impression's actions.

## COUNT II
## IMPLIED INDEMNITY

21.   HOB and HOL incorporate paragraphs 1-20 as though fully set forth herein.

22.   HOB and HOL would not have been sued by Plaintiffs but for the actions of Emme and Impression.

4

23. Emme and Impression, or an entity on Emme and Impression's behalf, manufactured, distributed, and supplied the dresses at issue that made up the "Compare to David's Bridal" line of dresses.

24. Emme and Impression offered for sale and sold dresses appearing in the "Compare to David's Bridal" line to HOB and HOL.

25. Through their actions, Emme and Impression implied that the dresses did not infringe the copyrights or trademarks of others.

26. If Plaintiffs' claims are valid, the dresses at issue infringed the purported copyrights and trademarks owned by Plaintiffs.

27. Through their actions, Emme and Impression implied that they would indemnify HOB and HOL for their offering for sale the "Compare to David's Bridal" line.

## JURY DEMAND

HOB and HOL demand a trial by jury.

## CLAIM FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Third Party Plaintiffs, The House of Brides, Inc. and House of Brides World's Largest "On-Line" Wedding Store, Inc. respectfully request that should they be found liable to David's Bridal, Inc. and/or DBD, Inc. on their claims in their Second Amended Complaint, that this Court enter judgment in favor of The House of Brides, Inc. and House of Brides World's Largest "On-Line" Wedding Store, Inc. and against Third Party Defendants Emme Bridal, Inc. d/b/a DaVinci Bridal and Impression Bridal, Inc. for any amounts owed to David's Bridal, Inc. and/or DBD, Inc., attorneys' fees, costs and for such further relief as this Court deems just and appropriate.

        Respectfully submitted,

By: /James K. Borcia/

    Joanna L. Crosby
    Tressler, Soderstrom, Maloney & Priess, LLP
    744 Broad Street, Suite 1510
    Newark, NJ 07102
    (973) 848-2900

    James K. Borcia
    Pete V. Albanis
    Tressler, Soderstrom, Maloney & Priess, LLP
    233 South Wacker Drive, 22nd Floor
    Chicago, IL 60606-6399
    (312) 627-4000
    Attorneys for Defendants

DATED: January 21, 2009
       Newark, New Jersey